UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Andrew Lum,<br>  *Plaintiff*,<br><br>  v.<br><br>Discovery Capital Management, LLC and<br>DGF Services, LLC,<br>  *Defendants*. | Civil No. 3:08cv1806 (JBA)<br><br><br><br>June 15, 2009 |

**RULING ON PLAINTIFF'S MOTION TO FILE JURY CLAIM**

In this case originally brought in New York Supreme Court, Plaintiff Andrew Lum has sued two hedge funds, Discovery Capital Management, LLC and DGF Services, LLC ("Defendants"), claiming that they breached his employment agreement and violated New York Labor Law §§ 191(c) and 198. Before the Court is Lum's request to file an untimely jury claim.

**I. Background**

Lum filed his complaint in New York state court in May 2008 and served the Defendants a month later. Before any further submissions in state court, the Defendants timely removed the case in July 2008, and then filed a responsive pleading answering Lum's allegations and asserting several counterclaims. But nowhere in the pleadings did any party claim a right to trial by jury. In November 2008, the matter was transferred to the District of Connecticut.

During a status conference in March 2009, the Court inquired whether there was a jury claim in this case. Lum responded by saying he intended to try the case to a jury, while Defendants expressed their understanding that the case would be tried to the bench. The Court then directed Lum to file a brief in support of his request for a jury demand, which

he did, and to which the Defendants object.

## II.   Discussion

Federal Rule of Civil Procedure 38(b)(1) requires a party seeking a jury trial to submit a demand in writing "no later than 10 days after the last pleading directed to the issue is served." A party waives its right to jury trial if a demand is not "properly served and filed." Fed. R. Civ. P. 38(d). While Rule 39(b) permits courts to allow an untimely jury claim, Second Circuit law constrains this discretion and requires a showing of more than just "inadvertence" to justify ordering a jury trial despite non-compliance with Rule 38. *Westchester Day School v. Village of Mamaroneck*, 504 F.3d 338, 356–57 (2d Cir. 2007); *Noonan v. Cunard S.S. Co.*, 375 F.2d 69, 70 (2d Cir. 1967).

This case, having been filed originally in state court, also implicates the removal-specific provisions of Rule 81. According to Rule 81(c)(3)(A), a party that claims a right to trial by jury in state court need not renew that demand following removal, and a party need not make a demand after removal until the court so orders if applicable state law requires no express jury demand. If all the pleadings in a case were filed before removal, Rule 81(c)(3)(B) requires a party seeking a jury trial to serve its demand within ten days of the notice of removal.

Cases removed from New York Supreme Court, however, fall into a well-recognized "gray area." *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 391 (2d Cir. 1983). Under New York law, a jury demand may be filed even at advanced stages of the proceedings, and judges retain the discretion to permit late jury demands absent undue prejudice. *Reliance Elec. Co. v. Exxon Capital Corp.*, 932 F. Supp. 101, 102–03 (S.D.N.Y. 1996). Owing to the principles underlying the federal rules, the Second Circuit reads this discretionary aspect of New York

civil practice "into the language of Rule 81(c)." *Higgins v. Boeing Co.*, 526 F. 2d 1004, 1007 (2d Cir. 1975). Thus, in a case removed from New York state court, *Noonan*'s limitation on a district court's ability to excuse an untimely jury demand does not apply; rather, courts determine whether to grant an untimely jury demand based on (1) whether the claims are "traditionally triable by jury," (2) "whether the parties were operating on the assumption that the trial would be a bench trial," and (3) whether the party opposing the jury demand somehow consented to a jury trial or whether allowing a jury trial will be unduly prejudicial. *Nat'l Union Fire Ins. Co. v. L.E. Myers Co.*, 928 F. Supp. 394, 397 (S.D.N.Y. 1996).

Applying these factors to this case, the Court finds that Lum's late jury demand should be permitted. First, Lum's claims—alleging breach of contract and seeking money damages—are legal in nature and traditionally tried to a jury. *Lebow v. American Trans Air, Inc.*, 86 F.3d 661, 668–70 (7th Cir. 1996) (citing Blackstone and Farnsworth). Second, although Defendants argue that they have developed their trial strategy based on the assumption that the case would be tried to the bench, this factor does not cut strongly in their favor—discovery had begun only shortly before Lum put the Defendants on notice that he would be filing a jury demand. Similarly, the final factor tips in Lum's favor because the Defendants have not shown how trying this case to a jury will unduly prejudice them. Other than offering bare, conclusory assertions, Defendants have given no "compelling and specific explanation as to how a jury trial will be prejudicial." *Perelman v. Camp Androscoggin Jr.-Sr., Inc.*, No. 06-13020, 2008 WL 199475, at *3 (S.D.N.Y. Jan. 22, 2008); *see also Elgarhi v. Dreis & Krump Mfg. Co.*, 131 F.R.D. 429, 430 (S.D.N.Y. 1990) (finding sufficient prejudice based on "affidavits [that] go beyond mere conclusory affirmations of prejudice"). Taken together, the relevant considerations favor allowing Lum to file his late jury demand.

### III. Conclusion

Accordingly, Plaintiff's Motion to File Jury Claim [Doc. # 46] is granted.

IT IS SO ORDERED.

     /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of June, 2009.